No. 3235.—H. B. BENJAMIN *v.* PARISH OF EAST BATON ROUGE.

The proceeding authorized by act No. 69, of 1869, against a parish, to compel the properly constituted authorities to levy and collect a tax to pay for work that has been done for the parish, under contract with the police jury, is a proceeding in the nature of a mandamus to compel the officers of the parish to do what is required of them by law. . The statute does not impose upon the court the burden of levying a tax, but simply authorizes it to render judgment for the amount found to be due, and to order the proper authorities to levy and collect the tax necessary for its payment. The act is not therefore obnoxious to the provisions of the Constitution on the subject of taxation.

APPEAL from the Fifth Judicial District Court, parish of East Baton Rouge. *Posey*, J. *Fuqua & Callihan*, for plaintiff and appellant. J. W. *Burgess* and A. S. *Herron*, for defendant and appellee.

HOWELL, J. Plaintiff sues upon several warrants issued to him for the erection of a bridge in the parish under contract, and drawn upon

42

the "bridge fund," and he asks the court to order the assessor and collector to assess and collect a tax sufficient to pay his claim and costs, under the provisions of act No. 69, of 1869, re-enacted in the Revised States, 1870, articles 2628, 2629 and 2630.

The defense is that said act sixty-nine is unconstitutional, as by the Constitution only the Legislature and police jury can levy and collect taxes; that by act of 1868, page 175, the parish could only levy a tax of three-quarters of one per cent., which had already been levied, and that the "plaintiff took the warrants sued upon at the rate of fifty cents on the dollar for work done, which warrants so issued were to be in full for said work at the depreciated value thereof, the consideration being for work done, and valued by contract at $300 in currency and $600 in parish warrants as currency in this particular case."

Judgment of nonsuit was rendered and plaintiff appealed.

It seems to us the judge erred. The right or authority to issue the warrants in question is not denied, and it is shown plaintiff did the work in pursuance of a contract made under a resolution of the police jury; that it was accepted by the parish, the warrants given, and that the police jury made an appropriation of a sum sufficient to pay for the proposed work, which appropriation, it is admitted, was included in the assessment for the year and the tax in process of collection at the time of filing the defense in the court below. No legal excuse is shown for not paying the warrants in the hands of the plaintiff or other person. It is a matter of no concern to the parish who receives the money, if it is liable for their payment, and it can not be seriously contended that the giving of the warrants extinguished the obligation of the parish to pay the amount for which they were issued. The parish which issued the paper is in a very different position from a third person who may have given its warrants in payment for work done for said third person. The parish is clearly bound to pay the face of the warrants, whether held by the payee or his assignee. And if the funds provided by the police jury for such payment have been misapplied or not collected, the holder is entitled to the remedy provided by act No. 69 of 1869, or articles 2628 to 2630 Revised Statutes, which we can not say is clearly in conflict with the Constitution. The court does not, under this law, assess a tax, but renders a judgment for money against the parish, and directs the proper officer or officers to whom the Legislature delegated the power, "forthwith to assess a parish tax at a sufficient rate per cent. upon the assessment roll of the current year to pay and satisfy said judgment with interest and costs." This is in the nature of a mandamus. See 11 An. 672.

It is therefore ordered that the judgment appealed from be reversed, and that plaintiff recover of the parish of East Baton Rouge the sum of $600, with legal interest from judicial demand, and costs in both

courts; and it is further ordered that the Board of Assessors for said parish, composed of the clerk, recorder and sheriff, proceed forthwith to assess a parish tax at a sufficient rate per cent. upon the assessment roll of the current year to pay and satisfy this judgment, interest and costs, and that so soon as the said tax is so levied, the tax collector of said parish shall proceed at once to collect the same, in the manner in which parish taxes are now collected, which shall constitute a special fund out of which the judgment, interest and costs shall be paid.